Javier L. Merino
DannLaw
1 Meadowlands Plaza, Suite 200
East Rutherford, NJ 07073
(201) 355-3440
(216) 373-0536 e-fax
notices@dannlaw.com

Linda M Tirelli
Tirelli Law Group, LLC
50 Main Street, Ste. 405
White Plains, NY 10606
(914) 732-3222
LTirelli@TW-LawGroup.com

[Additional Counsel Appear on Signature Page]

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS DIVISION

-------------------------------------------------------X

Justo Reyes
        Debtor                               Ch 13 Case No. 16-22556-rdd

Karen Jackson
        Debtor                               Ch 13 Case No. 16-23514-rdd

-------------------------------------------------------X

JUSTO REYES and KAREN JACKSON,
individually and on behalf of all others
similarly situated,

        Plaintiffs(s)               Adv. No. 19-08248-rdd (Reyes case)

v.

                                    Adv. No. 19-08249-rdd (Jackson case)

WELLS FARGO BANK, N.A.,

        Defendant.

-------------------------------------------------------X

# NOTICE OF PLAINTIFF JUSTO REYES AND PLAINTIFF KAREN JACKSON'S MOTION FOR PRELIMINARY INJUNCTION

**PLEASE TAKE NOTICE** that, upon the annexed Memorandum in Support (the "Memorandum"), and upon the and upon the papers and proceedings herein, Plaintiff Justo Reyes ("Reyes") and Plaintiff Karen Jackson ("Jackson") (collectively "Plaintiffs") will move before the Honorable Robert D. Drain, United States Bankruptcy Court Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140 on **April 29, 2019, at 10:00am** or as soon thereafter as counsel may be heard, for an order (i) granting a preliminary injunction prohibiting Defendant Wells Fargo Bank, N.A. ("Wells Fargo") from sending misleading communications with settlement offers to members of the putative Class; (ii) granting a preliminary injunction prohibiting Wells Fargo from enforcing any purported "settlement" or waiver of Plaintiffs' or Class members' rights to recover damages in this action in the event a putative Class member cashed the checks that Wells Fargo sent with the Settlement Letter defined in the Memorandum; and (iii) for any other and further relief that may be appropriate under the circumstances (the "Motion").[1]

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic

---

[1] In their individual bankruptcy cases, Reyes and Jackson each filed an identical Complaint to initiate adversary proceedings against Wells Fargo. Although Plaintiffs intend to move the Court to consolidate those separate adversary proceedings and anticipate that the Court will do so, no such order had been entered at the time that this Motion was filed. Accordingly, identical copies of the instant Motion and Memorandum have been filed in both Reyes's and Jackson's adversary proceedings.

Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served upon the following so as to be actually received no later than April 26, 2019 to either:

- Linda M. Tirelli, Tirelli Law Group, LLC, 50 Main Street, Suite 1265, White Plains, NY 10606; or
- Javier L. Merino, DannLaw, 1 Meadowlands Plaza, Suite 200, East Rutherford, NJ 07073.

For the reasons set forth in the Memorandum, Plaintiffs Justo Reyes and Karen Jackson respectfully request that the Court enter an order granting the Motion and providing such additional relief as the Court deems just and appropriate.

| | |
|---|---|
| **DATE: White Plains, New York**<br>**April 17, 2019** | Respectfully Submitted,<br><br>/s/Linda M. Tirelli<br>Tirelli Law Group, LLC<br>50 Main Street, Suite 1265<br>White Plains, NY 10606<br>(914) 732-3222<br><br>Javier L. Merino<br>DannLaw<br>1 Meadowlands Plaza, Suite 200<br>East Rutherford, NJ 07073<br>(201) 355-3440<br>(216) 373-0536 e-fax<br>notices@dannlaw.com<br><br>Thomas A. Zimmerman, Jr.<br>*tom@attorneyzim.com*<br>Matthew C. De Re<br>*matt@attorneyzim.com*<br>ZIMMERMAN LAW OFFICES, P.C.<br>77 W. Washington Street, Suite 1220<br>Chicago, Illinois 60602 |

(312) 440-0020 telephone
(312) 440-4180 facsimile
*Pro Hac Vice Anticipated*

Marc E. Dann
Brian D. Flick
DANNLAW
P.O. Box 6031040
Cleveland, OH 44103
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*
*Pro Hac Vice Anticipated*

*Attorneys for Debtors and the Class*